Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

July 2, 2026

Allan S. Bloom
Member of the Firm
212.969.3880
abloom@proskauer.com
www.proskauer.com

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Clifford Cone and Michael Sabin v. Clifford Chance LLP*
No. 1:26-CV-05508 (JHR) (OTW)

Dear Judge Rearden:

We represent Defendant Clifford Chance LLP ("the Firm") in the above-referenced matter which, notably, is subject to private arbitration.[1] On June 29, 2026, in contravention of the parties' arbitration agreement, Plaintiffs filed a Complaint for a declaratory judgment asking the Court to usurp the arbitrator's authority by rendering a decision as to the law the arbitrator should apply to the parties' dispute. While their Complaint is based on and references only a few discrete provisions in the Clifford Chance LLP Partnership Agreement (the "CCLLP Agreement") and the Clifford Chance US LLP Partnership Agreement (the "CCUS Agreement," and together with the CCLLP Agreement, "the Partnership Agreements"), Plaintiffs have needlessly filed the unredacted entirety of the Partnership Agreements (260 pages, inclusive of 20 schedules and policies) on the public docket, as Exhibits A and B to the Complaint.

Plaintiffs' disclosure of the full, unexcerpted versions of the Partnership Agreements in this action seeking limited declaratory relief serves no public interest and causes commercial and competitive harm to the Firm. The Firm respectfully requests an Order directing partial sealing and redaction of the Partnership Agreements, such that only those portions identified by Plaintiffs as relevant to the parties' dispute and cited in the Complaint are accessible on the docket. This motion is supported by the Declaration of Thomas K. Schulte, General Counsel of Clifford Chance US LLP ("Schulte Decl."), attached as Exhibit A.

## I. Background

There is no dispute that the parties have agreed to resolve any "claim in contract, tort or otherwise arising out of or relating to" the partnership relationship through confidential arbitration. Compl. ¶¶ 2, 33–39, 68, 71–74 (acknowledging the agreement to resolve the underlying dispute through confidential arbitration); Compl. Ex. B § 31.1; Compl. Ex. A §§ 24.4–24.5; Schulte Decl. ¶ 14. Prior to filing the Complaint, and pursuant to the dispute resolution process set forth in the Partnership Agreements, Plaintiffs provided the Firm with

[1] The Firm will be filing a motion to compel arbitration and to dismiss the Complaint for lack of subject matter jurisdiction.

Proskauer



notice of their dispute and, additionally, provided the Firm with a draft version of the Complaint attaching unredacted copies of the Partnership Agreements.

By letter dated May 29, 2026, the Firm expressly advised Plaintiffs that publicly filing the Firm's highly confidential Partnership Agreements would constitute a breach of the CCLLP Agreement, Schedule 12, ¶ 2 of which states that "[e]ach Partner and retired Partner shall keep the affairs of the Partnership and Associated Firms confidential." The Firm engaged with Plaintiffs in what the Firm believed to be good faith discussions about protecting the confidentiality of the Partnership Agreements even if Plaintiffs insisted on filing an action in this Court for declaratory relief. As a product of those discussions, by motion dated June 26, 2026, Plaintiffs moved to file this action under seal, with the Firm's consent. (*ABC v. DEF*, No. 1:26-mc-00319 (PKC), Dkt. No. 3.) In support of their motion, and as agreed by the parties, Plaintiffs filed as exhibits only those excerpts of the Partnership Agreement identified by Plaintiffs in the Complaint as relevant to the parties' dispute.[2]

On June 29, 2026, Judge Castel denied Plaintiffs' motion to seal without prejudice, noting that "[n]o showing has been made why the identities of the parties and the nature of the claims would be shielded from public view." (*ABC v. DEF*, No. 1:26-mc-00319 (PKC), Dkt. No. 4.) Judge Castel's Order did not address the issue of sealing the Partnership Agreements, or indeed, any of the other proposed exhibits to the Complaint. Nevertheless, without notice to the Firm, without having indicated any such intention in their motion to seal before Judge Castel, and in violation of their confidentiality obligations under the Partnership Agreements, Plaintiffs immediately filed the instant action and attached the full, unredacted Partnership Agreements on the public docket—actions that clearly demonstrate a lack of good faith.

## II. <u>Legal Standard</u>

The common-law and First Amendment rights of public access to judicial documents are not absolute, and a court "enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). The presumption of public access may be overcome if the sealing or redaction is "narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access." Individual Rule 9.B; *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The Second Circuit has established a three-step process for determining whether documents should be sealed. *Id.* As explained in *Lugosch*, the district court should analyze: (i) whether the documents subject to a sealing request qualify as "judicial documents" such that a presumption of public access attaches; (ii) the weight of the presumption of public access attaching to any judicial documents; and (iii) if countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.*

[2] See Dkt. No. 1, Compl. ¶¶ 33–37, 69–72.

Proskauer



## III. Irrelevant Portions of the Partnership Agreements Are Not "Judicial Documents"

It is well established that "[t]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Rather, the item "must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). A document is "relevant" only if it "would reasonably have the tendency to influence a district court's ruling." *Brown*, 929 F.3d at 49. If documents "are not relevant to the performance of a judicial function, no presumption of public access attaches." *Id; see also Liu v. Nielsen Co.,* No. 22-cv-9084 (JHR), 2023 WL 3750116*,* at *1 (S.D.N.Y. June 1, 2023) (Rearden, J.) (granting defendant's motion to seal documents including draft settlement agreements and confidential negotiation communications upon finding that the filings were not judicial documents and had, at best, a negligible presumption of public access). This principle applies to documents attached to a complaint. In *Suber v. VVP Services, LLC*, No. 20-cv-8177 (AJN), 2023 WL 4817551, at *3 (S.D.N.Y. July 27, 2023), the Court held that "exhibits to a complaint are judicial documents only 'if they are currently relevant to the judicial function.'" *Id.* (internal citation omitted). The relevance inquiry may also be applied to discrete portions of a filed document. *See Trump v. Deutsche Bank AG*, 940 F.3d 146, 150 (2d Cir. 2019) (narrowing the judicial-document inquiry to specific redacted names and holding them "not relevant to any issue in the underlying appeal").

While the Complaint and the Partnership Agreement provisions Plaintiffs reference therein may be considered judicial documents in this matter, the vast majority of the terms and policies contained in the Partnership Agreements have no relevance whatsoever to any issue before the Court. *Trump*, 940 F.3d at 150; *Suber*, 2023 WL 481755. For example, the Partnership Agreements include provisions and policies governing the Firm's mechanisms for dissolution, the voting procedures governing internal decision-making among partners, the Firm's property holdings, even the Firm's policy on sabbatical leave and flexible working arrangements—terms that have no bearing on the narrow choice-of-law question at issue in this action nor any "tendency to influence" any ruling. *See* Schulte Decl. ¶ 26.

## IV. Even if the Full Partnership Agreements are Judicial Documents, Any Presumption of Access Is Outweighed By Countervailing Factors

Even if the Court were to consider the entirety of both Partnership Agreements as judicial documents, the provisions of the Partnership Agreements that are wholly irrelevant to the claim before the Court "play only a negligible role in the performance of Article III duties" and carry a presumption that "amounts to little more than a prediction of public access absent a countervailing reason." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). That minimal presumption is readily overcome here.

### A. The Partnership Agreements Contain Highly Confidential and Sensitive Competitive Business Information

Proskauer



First, as detailed in the Schulte Declaration, the Firm will suffer competitive harm from the continued disclosure of the Partnership Agreements. Specifically, the public availability of the Partnership Agreements impairs the Firm's ability to compete for lateral partners, undermines the bargaining position of partners considering withdrawal, and compromises Firm self-governance. *See ,e.g.*, *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19 Civ. 9193 (PGG), 2025 WL 1305150, at *5-6 (S.D.N.Y. May 6, 2025) (granting motion to seal sensitive business documents, including limited partnership agreements, because the competitive harm caused by disclosure outweighed any public interest in access to the documents); Schulte Decl. ¶¶ 24,25. For these reasons, the Firm takes substantial measures to limit and carefully monitor access to the Partnership Agreements, even within the Firm. Schulte Decl. ¶¶ 15-21. The Firm's strong interest in protecting its sensitive internal information outweighs the minimal presumption of access—if any—afforded provisions of the Partnership Agreements that bear no relationship to the subject of the Complaint.

Another court in this district recently granted a similar motion to seal portions of a partnership agreement under like circumstances. In *Howie v. Ernst & Young LLP*, the defendant firm's partnership agreement was filed in connection with a motion to dismiss that turned on whether the plaintiff was an "employee" of the firm or a partner. The court first denied the firm's request to seal the agreement in its entirety, holding that the presumption of access to the provisions "referenced in the Amended Complaint and the parties' briefing on the motions to dismiss" outweighed the firm's confidentiality interest. *Howie v. Ernst & Young LLP*, No. 25 Civ. 5973 (RA) (GS), 2026 WL 836193, at *11 (S.D.N.Y. Mar. 26, 2026). The court recognized, however, that the agreement may include provisions that both "have no bearing on the issues raised by the pending motions to dismiss" and "contain confidential information which, if disclosed, would cause [the firm] competitive harm," and it therefore permitted the firm to file a renewed application to redact those provisions. *Id.* at *12.

On the renewed motion, the court granted the firm's request to redact the irrelevant, competitively sensitive provisions. *Howie v. Ernst & Young LLP*, No. 25 Civ. 5973 (RA) (GS), ECF No. 114 (S.D.N.Y. May 20, 2026). Because none of the provisions the firm sought to redact were "explicitly referenced in the Amended Complaint or the parties' briefing on the motions to dismiss," the court held that their relevance was "presumably slight" and the presumption of access "relatively weak." *Id.* at 4–5. The court further confirmed that competitively sensitive information "is not limited to" financial data or trade secrets, but "also" includes "confidential information concerning a firm's internal structure, operations, and governance." *Id.* at 8. Weighing the firm's showing of competitive harm against "the low presumption of access that attaches to the material at this early stage of the litigation," the court granted the redactions. *Id.* at 9. The same result is warranted here. *See also PricewaterhouseCoopers LLP v. Cahill*, Index No. 653664/2020, 2022 N.Y. Misc. LEXIS 37413, at *4 (N.Y. Sup. Ct., N.Y. Cnty. Apr. 12, 2022) (granting motion to seal portions of a partnership agreement as "narrowly tailored to protect PwC's confidential business information, which information is not relevant to the underlying proceeding or of sufficient public interest to warrant its disclosure.").

Proskauer



Similarly, just last month, in the civil action *Herschmann v. Kasowitz*, Index No. 656499/2025 (N.Y. Sup. Ct., N.Y. Cnty.), wherein a former partner plaintiff sued his former law firm in court notwithstanding that he was party to an arbitration agreement set forth in the law firm's partnership agreement and filed the firm's partnership agreement on the public docket in connection with his suit, the court granted the firm's motion to seal the partnership agreement because it contained highly confidential and proprietary "competitive information" regarding the firm's compensation structure, governance, capital arrangements, and other internal partnership terms. *See* Exhibit B hereto, Decision and Order dated June 1, 2026.

**B. The Equities Weigh in Favor of Sealing**

The equities also weigh heavily in favor of sealing. Under the Partnership Agreements, every partner and retired partner must "keep the affairs of the Partnership and Associated Firms confidential"—an obligation the Firm regards as second only to the duty of utmost good faith. Schulte Decl. ¶ 13; *see* Compl. Ex. B § 31.3 (dispute-resolution "proceedings ... shall be confidential"). Plaintiffs cannot claim ignorance of that duty: in their motion to seal, they represented to the Court that publicly filing the Partnership Agreements could "constitute[] a breach of confidentiality" and "expose them to liability for breaching" their confidentiality obligations. *ABC v. DEF*, No. 1:26-mc-00319 (PKC), Dkt. No. 3. Similarly, Plaintiffs agreed to resolve any disputes with the Firm through confidential arbitration. Compl. Ex. B § 31.1; Compl. Ex. A §§ 24.4–24.5; *see* Compl. ¶¶ 2, 33–39, 68, 71–74; Schulte Decl. ¶ 14. However, rather than invoke that confidential process, Plaintiffs circumvented their agreement, filed a public declaratory-judgment action, and placed the full Partnership Agreements on the docket. Permitting a party to circumvent a confidential arbitration regime in this fashion "would create a legal loophole allowing parties to evade confidentiality agreements [simply] by attaching documents to court filings," and courts serve the public interest by rejecting such gamesmanship and protecting confidentiality under such circumstances. *Stafford v. International Business Machines Corp.*, 78 F.4th 62, 71 (2d Cir. 2023).

**V. <u>Conclusion</u>**

For the foregoing reasons, the Firm respectfully requests that the Court enter an Order directing the sealing and redaction of those portions of the Partnership Agreement that are not cited in the Complaint.

Respectfully submitted,

*<u>/s/ Allan S. Bloom</u>*
Allan S. Bloom

cc: All Parties [via ECF]