NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
BOSTON
HOUSTON
DALLAS
FORT WORTH
AUSTIN

DuaneMorris®

*FIRM and AFFILIATE OFFICES*

LESLIE D. CORWIN
DIRECT DIAL: +1 212 692 1047
PERSONAL FAX: +1 212 879 8093
*E-MAIL:* LDCorwin@duanemorris.com

*www.duanemorris.com*

HANOI
HO CHI MINH CITY
SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR

ALLIANCES IN MEXICO

July 3, 2026

**MEMO ENDORSED (p. 4)**

<u>**VIA ECF**</u>
Hon. Jennfer H. Rearden, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Cone, et al. v. Clifford Chance LLP* (Docket No.: 1:26-cv-5508-JHR-OTW)**

Dear Judge Rearden:

We represent Plaintiffs Clifford Cone and Michael Sabin ("Plaintiffs") in the above-captioned matter. We submit this letter in response to Defendant Clifford Chance LLP's (the "Firm") Letter Motion to Seal Exhibits A and B to Plaintiffs' Complaint. Plaintiffs consent to the Firm's Motion. In fact, as outlined in detail below, it was *Plaintiffs* who filed a Motion to File under Seal prior to the filing of the Declaratory Judgment Complaint (the "Complaint") (ECF No. 1), which Motion was denied. Plaintiffs submit this letter to clarify certain misstatements in the Firm's Letter Motion, and to otherwise contextualize the dispute between the parties.

The dispute between the parties dates back to approximately January 2026, when Plaintiffs retired from the Firm to join a competing law firm. Declaration of Leslie D. Corwin ("Corwin Decl."), ¶ 4. Prior to the filing of both the Motion to File Under Seal and of the Complaint, Plaintiffs advised the Firm that they disagreed with the Firm's interpretation of the confidentiality provisions of the Partnership Agreement (the "Partnership Agreement") and the US Agreement (the "US Partnership Agreement"), but were nevertheless willing to preserve the confidences asserted by the Firm. Corwin Decl., ¶ 6. For instance, Paragraph 2 of Schedule 12 of the Partnership Agreement provides that each "Partner and retired Partner shall keep the affairs of the Partnership and Associated Firms confidential." (ECF No. 1-1). It is questionable whether this Paragraph necessarily applies to the terms of the Agreements, and specifically the choice of law clauses. Meanwhile, Paragraph 31.3 of the US Partnership Agreement, which the Firm insists requires strict confidentiality, applies only to the confidentiality *of the Mediation and Arbitration proceedings* conducted pursuant to the Agreements, not to the Agreements themselves.[1]

---

[1] It is worth noting that, on multiple occasions, Plaintiffs requested that the Firm stipulate that New York law apply to any Mediation or Arbitration between the parties. Corwin Decl., ¶ 5. The relevant

Nevertheless, Plaintiffs made clear that they were willing to take any steps the Firm deemed necessary to preserve the confidences of the Agreements. Corwin Decl., ¶ 7. To that effect, Plaintiffs agreed to seek a Court Order to file the Complaint and each of the Exhibits under seal. *Id.*, ¶ 8. Plaintiffs undertook this time-intensive process for the benefit of the Firm. *Id.* Specifically, on June 25, 2026, Plaintiffs' counsel sent the Firm's counsel a letter (the "June 25 Letter") attaching both a draft of the Letter Brief in support of the Motion to File Under Seal and a draft of Plaintiffs' counsel's proposed Declaration in support of that Motion. Corwin Decl., ¶ 9, Ex. A. The June 25 Letter requested that the Firm make any edits to the Motion that it deemed necessary. *Id.*, ¶ 10, Ex. A. By design, the June 25 Letter did not include any deadline for the Firm's review, comment, or edits to the Motion. *Id.*, ¶ 11, Ex. A. Plaintiffs also did not indicate any intention to file the Motion, or the Complaint, by any date certain. *Id.* Instead, Plaintiffs indicated their willingness to provide the Firm, and its counsel, with as much time as necessary to further strengthen the Motion. The Firm chose to make no edits to the Motion other than to request that Plaintiffs file as Exhibits only those portions of the Agreements that to which it cites in the Complaint. Corwin Decl., ¶ 12.

The Firm had ample opportunity to assert all of the arguments it makes in its Motion to this Court – including, but not limited to, submitting a Declaration from its General Counsel contextualizing the confidential nature of the Agreements – in connection with Plaintiffs' Motion to File Under Seal. Plaintiffs cannot speculate as to why the Firm chose not to do so.

On or about June 29, 2026, the Hon. J. Kevin Castel, U.S.D.J., issued an Order denying Plaintiffs' Motion to File Under Seal. *See* Corwin Decl., Ex. C. Accordingly, had Plaintiffs filed the Complaint and Exhibits under seal – which the Firm apparently expected of Plaintiffs – they would have been in violation of the Court's Order. Yet when Plaintiffs proceeded to file on the public docket, the Firm contended that Plaintiffs violated their duty of confidentiality to the Firm. The Firm's position is transparent gamesmanship: it intended to place Plaintiffs in a "no-win" scenario such that they would somehow be discouraged from filing the Complaint whatsoever.

The Firm's argument that "Judge Castel's Order did not address the issue of sealing the Partnership Agreement [or] any of the other proposed Exhibits to the Complaint" is entirely

---

case law makes clear that New York law should, and likely would, apply to any dispute between the parties, particularly because this dispute concerns the application of an agreement governed by New York law and which was signed in New York, by New York-based Plaintiffs, who worked in the Firm's New York office. *See Louisiana Revitalization Fund LLC v. Starr Surplus Lines Ins. Co.*, No. 23-cv-1006, 2024 WL 1337617 (S.D.N.Y. Mar. 27, 2024), at *7 (citing *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997)) (explaining New York's "center of gravity" approach to choice-of-law analyses in contract cases, which considers "the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties"). The Firm refused. Corwin Decl., ¶ 5.

unavailing. (ECF No. 8), at pg. 2. In fact, the Firm's interpretation necessarily presupposes that Judge Castel failed to read and/or fully consider the Motion papers. Not only did Plaintiffs' Motion to File Under Seal annex the Complaint and Exhibits thereto, but the Letter Brief also explicitly explained to the Court that, although the confidentiality provisions are vague, Plaintiffs have been placed "in the unenviable position of having to independently determine whether filing the Agreements on the Court's public docket constitutes a breach of confidentiality such that seeking to enforce their rights in Court may also expose them to liability for breaching these provisions." Corwin Decl., Ex. B. Plaintiffs' Letter Brief further explained that the Firm's counsel "advised Plaintiffs' counsel of the Firm's belief that, should Plaintiffs file the Agreements publicly, it would constitute a violation of the confidentiality provisions for which they may seek recourse." *See id.* As such, Judge Castel was *necessarily* on notice of the relevant negotiations, the pre-Complaint correspondence between the parties, and the Firm's assertion of confidentiality over the Agreements.

The fact that Plaintiffs abided by the Court's established process for seeking an Order to file under seal removed the need for Plaintiffs to "independently determine" whether the filings would breach any relevant confidentiality provision. The Court definitively determined that the parties had failed to demonstrate that the "claims" (which encompass the Complaint and the Exhibits) should be shielded from public view. The Court's reference to the "nature of the claims" necessarily contemplates the Exhibits to the Complaint, each of which are integral to Plaintiffs' cause of action for a Declaratory Judgment. There is simply no way to parse "Plaintiffs' claims" from the terms of the Partnership Agreements, as the Firm seeks to do.

For the reasons set forth above, Plaintiffs consent to the Firm's Letter Motion to Seal. We thank the Court for its consideration of this letter submission.

Respectfully submitted,

Leslie D. Corwin

Cc:

All Counsel of Record (via PACER)

The Court has reviewed Defendant's motion to seal, ECF No. 8, and Plaintiffs' response herein. It is hereby ordered that, pending further order of the Court, ECF Nos. 1-1 and 1-2 shall be sealed in their entirety. By **July 10, 2026**, Plaintiffs shall file versions of ECF Nos. 1-1 and 1-2 on ECF with proposed redactions, leaving only those portions relevant to the parties' dispute and cited in the Complaint unredacted. Pursuant to Rule 9.C of this Court's Individual Rules and Practices in Civil Cases, Plaintiffs shall also file under seal on ECF an unredacted copy of ECF Nos. 1-1 and 1-2, with the proposed redactions highlighted.

The Clerk of Court is directed to seal ECF Nos. 1-1 and 1-2, with access limited to court personnel and case participants.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: July 6, 2026