Proskauer

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

August 14, 2026

Allan S. Bloom
Member of the Firm
d +1.212.969.3880
f212.969.2900
abloom@proskauer.com
www.proskauer.com

**Via ECF**

Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

**Re: *Cone et ano. v. Clifford Chance LLP*, No. 1:26-CV-05508 (JHR)**

Dear Judge Rearden,

We represent Defendant Clifford Chance LLP (the "Firm") in the above-referenced matter. Pursuant to Rule 5.C of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully outline the substantive arguments advanced in Defendant's Motion to Compel Arbitration and Dismiss the Complaint or, in the Alternative, to Decline to Exercise Jurisdiction Under the Declaratory Judgment Act and Dismiss the Complaint (the "Motion"), filed herewith.

This contractual dispute does not belong before the Court. Plaintiffs Clifford Cone and Michael Sabin—sophisticated lawyers and former equity partners of the Firm—acknowledge, as they must, that they agreed to arbitrate any dispute arising from their partnership relationship through confidential arbitration before a sole arbitrator in Geneva, Switzerland, under the UNCITRAL Arbitration Rules. Plaintiffs concede that all roads lead to arbitration. Yet rather than proceed to the arbitration they bargained for, Plaintiffs ask this Court to supplant the arbitrator by predetermining, in advance, the law that will govern their arbitration—a transparent attempt to hijack the arbitral process before it even begins. Two independent grounds compel dismissal: first, the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), requires the Court to compel arbitration; and second, the discretionary factors governing declaratory judgment jurisdiction, *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 99 (2d Cir. 2023), overwhelmingly favor declining jurisdiction. Either ground, standing alone, warrants dismissal.

## I. <u>Background</u>

Plaintiffs, former equity partners and co-heads of the Firm's U.S.-based Funds and Investment Management Practice Group, retired in January 2026. Compl. ¶¶ 4, 6, 7, 42. As signatories to the Clifford Chance LLP and Clifford Chance US LLP Partnership Agreements (together, the "Partnership Agreements"), Plaintiffs agreed that "**[a]ny claim in contract, tort, or otherwise arising out of or relating to**" the Partnership Agreements or "**the partnership relationship**" **shall be resolved** in accordance with UNCITRAL Rules by a sole arbitrator in "**Geneva, Switzerland**." Compl. ¶¶ 33, 37 & Exs. A-B. Plaintiffs do not dispute the existence or validity of that agreement. Compl. ¶¶ 34–37. Instead, after retiring, Plaintiffs challenged the Firm's

application of a post-retirement remuneration provision to them—and, believing New York law would help their cause more than the English law that governs the CCLLP Agreement (and the provision at issue), Plaintiffs invoke the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (the "DJA"), to ask this Court to decide that choice-of-law question before the arbitration even starts. This maneuver circumvents the parties' agreement, infringes upon the province of the arbitrator, and misuses the resources of this Court to no effective end.

## II. The FAA Requires the Court to Compel Arbitration

Because Defendant is a foreign entity incorporated in England and Wales, Compl. ¶ 8, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards governs, 9 U.S.C. § 202; *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932–33 (2d Cir. 1983)[1], and with it, the FAA's mandate to compel arbitration. 9 U.S.C. §§ 203, 208. The FAA "embodies a national policy favoring arbitration" and requires courts to "rigorously enforce agreements to arbitrate." *Dr.'s Assocs., Inc. v. Alemayehu*, 934 F.3d 245, 250 (2d Cir. 2019); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Courts ask only "(1) whether the parties agreed to arbitrate; (2) the scope of that agreement; and (3) if federal statutory claims are asserted, … whether Congress intended those claims to be nonarbitrable," resolving any doubt in favor of arbitration. *Daly v. Citigroup Inc.*, 939 F.3d 415, 421 (2d Cir. 2019). Plaintiffs do not dispute that they agreed to arbitrate or that this dispute falls within that agreement. Compl. ¶¶ 2, 33–39, 68, 71–74. **Their concession is dispositive.**

This Court's own recent decision in *Herman v. Katten Muchin Rosenman LLP*, No. 25-CV-3162 (JHR) (RWL), 2025 U.S. Dist. LEXIS 167091 (S.D.N.Y. Aug. 27, 2025) *objection overruled and stay granted by* 2026 U.S. Dist. LEXIS 167991 (July 28, 2026), compelled arbitration on nearly identical facts—a former law firm partner bound by a broad mandatory arbitration clause—and confined its review to the narrow, uncontested question of arbitrability, leaving "procedures for arbitration and substantive defenses" to the arbitrator. *Id.* at *5. The same result follows here.

Plaintiffs cannot contrive a judicial role by asking the Court to decide the choice of law issue outside of arbitration. It is well settled that choice of law is a question for the arbitrator, not the court, where a broad arbitration clause exists. *Zurich Ins. Co. v. Ennia Gen. Ins. Co.*, 882 F. Supp. 1438, 1440 (S.D.N.Y. 1995) (rejecting as "misguided" a request that a court dictate the law arbitrators must apply); *Pincus v. Motulsky*, 237 A.D.3d 624, 625 (1st Dep't 2025); *Selendy v. Quinn Emanuel Urquhart & Sullivan, LLP*, 63 Misc. 3d 954, 959–60 (Sup. Ct. N.Y. Cnty. 2019) (ordering law firm partners in New York to arbitrate this exact question). The UNCITRAL Rules that the parties accepted say the same: "The arbitral tribunal shall apply the rules of law designated by the parties … [or] which it determines to be appropriate." UNCITRAL Arbitration Rules, Art. 35, § 1. Plaintiffs' self-serving theory that a ruling might be "outcome dispositive" (Compl. ¶ 53) proves nothing—discovery rulings, evidentiary calls, and scheduling decisions can all be outcome dispositive, and none of them belong before this Court

[1] Defendant is incorporated in England and Wales with its principal place of business in London.

either. If "outcome dispositive" were the test, there would be no limiting principle to judicial intervention—and no arbitration clause would survive it.

## III. <u>The Court Should Decline to Exercise Jurisdiction Under the DJA</u>

Even setting arbitrability aside, the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant," *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995), and the *Admiral* factors overwhelmingly favor declining it here. Plaintiffs admit they are chasing a ruling they believe will "likely be outcome dispositive" in the arbitration they agreed to (Compl. ¶ 53)—the very definition of "procedural fencing" that *Admiral* condemns. 57 F.4th at 99. And a better remedy plainly exists: the arbitrator the parties selected can resolve both the choice-of-law question and the merits in one proceeding, exactly as courts have required on indistinguishable facts. *Corpus Christi Indep. Sch. Dist. v. AMRISC, LLC*, No. 19-cv-301, 2019 WL 2051696, at *4 & n.4 (E.D.N.Y. May 9, 2019); *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2024 WL 4277788, at *24 (S.D.N.Y. Sept. 24, 2024). Entertaining this action instead would layer duplicative, piecemeal litigation atop the arbitration the parties bargained for—precisely what courts "look with disfavor" on. *Brunckhorst*, 2024 WL 4277788, at *24.

Nor does public policy save Plaintiffs' claim—it is not an *Admiral* factor, and in any event New York's "long and strong public policy favoring arbitration" cuts the other way. *Smith Barney Shearson Inc. v. Sacharow*, 91 N.Y.2d 39, 49–50 (1997). A New York court has already rejected this precise public-policy argument in an indistinguishable law-firm-partner dispute, holding that an arbitrator may decide a forfeiture provision's enforceability without impermissibly interfering with the judiciary's authority over attorneys. *Selendy*, 63 Misc. 3d at 959–60. That conclusion carries added force here, where Plaintiffs are themselves sophisticated, counseled lawyers who signed the Partnership Agreements with full knowledge of what they contained. *TCR Sports Broad. Holding, LLP v. WN Partner, LLC*, 40 N.Y.3d 71, 76, 87–88 (2023).

Plaintiffs are sophisticated lawyers who negotiated and knowingly accepted an unambiguous agreement to arbitrate in Geneva. They should not now be permitted to rewrite that bargain when its terms become inconvenient for them. What Plaintiffs ask of this Court—to decide in advance the very issue they believe will determine who wins the arbitration—is not a legitimate use of the Declaratory Judgment Act; it is an attempt to hijack the arbitral process before it begins. **If that gambit succeeded, no arbitration clause would be worth the paper it is printed on. This Court should close that door, not open it.** For these reasons, Defendant respectfully submits that the Court should compel arbitration and dismiss the Complaint, or, in the alternative, decline to exercise jurisdiction under the Declaratory Judgment Act and dismiss the Complaint.

Respectfully submitted,

Allan S. Bloom